IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GIDEON RAY and RICHARD RAY,  )
                             )   Case No. 00C 2325
            Plaintiffs.      )
                             )
      v.                     )   JUDGE NORGLE
                             )
VILLAGE OF WOODRIDGE,        )   JURY DEMAND
JOHN DOE 1-6, Individually,  )
SGT. KRAUSE, Individually,   )   MAGISTRATE JUDGE ROSEMOND
                             )
            Defendants.      )

## COMPLAINT

NOW COMES the Plaintiffs, GIDEON RAY and RICHARD RAY, by and through their attorneys, GREGORY E. KULIS AND ASSOCIATES, and complaining against the Defendants, VILLAGE OF WOODRIDGE, JOHN DOE 1-6, Individually, and SGT. KRAUSE, Individually, as follows:

### COUNT I - FALSE ARREST - AUGUST 1999

1) This action is brought pursuant to the laws of the United States Constitution, specifically 42 U.S.C. § 1983 and §1988, and the laws of the State of Illinois to redress deprivations of civil rights of the Plaintiff accomplished by acts and/or omissions of the Defendants committed under color of law;

2) Jurisdiction is based on Title 28 U.S.C. §1343 and supplemental jurisdiction of this Court relating to state law claims;

3) The Plaintiffs, GIDEON RAY and RICHARD RAY, at all relevant times were residents of the State of Illinois and operating their company, P.C. Wireless of Illinois at 8263 Janes Avenue, Woodridge, Illinois.

1

4) The Defendants, JOHN DOE 1-6, were at all relevant times employed as police officers of the Village of Woodridge, and at all relevant times were acting within their scope of employment as Woodridge Police Officers;

5) The Defendant, SGT. KRAUSE, was at all relevant times employed as a police officer of the Village of Woodridge and at all relevant times were acting within his scope of employment as a Woodridge police officer.

6) The Village of Woodridge at all relevant times was a duly created municipal corporation.

7) In or about August, 1999 the Plaintiffs were working at their place of business on Janes Avenue in Woodridge.

8) On said date the White Hen Convenience store across the way from Plaintiffs' place of business was robbed by a black individual.

9) Two Woodridge police officers, John Doe 1-2, entered Plaintiffs' business with guns drawn and detained the Plaintiffs for approximately forty minutes.

10) Neither Plaintiff matched the description of the perpetrator other than being black.

11) Said detention/arrest of the Plaintiffs was without probable cause.

12) On information and belief Plaintiffs business is the only black owner/operated business in Woodridge.

13) The Plaintiffs were not committing a crime or breaking any laws;

14) The actions of the Defendants were intentional, willful and wanton;

15) Said actions were taken because Plaintiffs were black;

16) Said actions of the Defendants violated Plaintiffs, GIDEON RAY and RICHARD RAY's, Fourth Amendment Rights of the United States Constitution and were in violation of said rights protected by 42 U.S.C. §1983 and 42 U.S.C. §1981.

17) As a direct and proximate consequence of said conduct of the Defendants, the Plaintiffs, GIDEON RAY and RICHARD RAY, suffered violations of their constitutional rights, emotional anxiety, fear, emotional distress, humiliation, embarrassment, pain and suffering.

WHEREFORE, the Plaintiffs, GIDEON RAY and RICHARD RAY, pray for judgment against the Defendants, jointly and severally, in the amount of TWENTY-THOUSAND AND 00/100 ($25,000.00) DOLLARS compensatory damages and TEN THOUSAND AND 00/100 ($10,000.00) DOLLARS punitive damages plus reasonable attorneys fees and costs.

## COUNT II - FALSE ARREST - APRIL 2, 2000

1-6) The Plaintiffs hereby reallege and incorporate paragraphs 1 through 6 of Count I as their respective allegations of paragraphs 1 through 6 of Count II as though fully set forth herein.

7) On April 2, 2000 the Plaintiffs were working in their business in company logo shirts.

8) Without cause or provocation they looked through their window of their business and saw officer John Doe 3 pointing his weapon at them.

9) The Plaintiffs opened the door and numerous officers John Doe 3-6 plus Sgt. Krause came into their business.

10) The Plaintiffs were handcuffed and held for approximately two hours.

11) The arrest of the Plaintiffs was without probable cause.

12) The Plaintiffs were not committing a crime or breaking any laws.

13) The actions of the Defendants were intentional, willful and wanton.

14) Said actions of the Defendants violated Plaintiffs' Fourth Amendment Rights of the United States Constitution and were in violation of said rights protected by U.S.C. § 1983 and 42 U.S.C. §1981.

15) As a direct and proximate consequent of said conduct of the Defendants, the Plaintiffs, GIDEON RAY and RICHARD RAY, suffered violations of their constitutional rights, emotional anxiety, fear, emotional distress, humiliation, embarrassment, monetary loss, pain and suffering.

WHEREFORE, the Plaintiffs, GIDEON RAY and RICHARD RAY, pray for judgment against the Defendants, JOHN DOE 3-6 and SGT. KRAUSE, jointly and severally, in the amount of TWENTY-FIVE THOUSAND AND 00/100 ($25,000.00) DOLLARS compensatory damages and TEN THOUSAND AND 00/100 ($10,000.00) DOLLARS punitive damages plus reasonable attorneys fees and costs.

## COUNT III - UNLAWFUL SEARCH AND SEIZURE APRIL 2, 2000

1-12) The Plaintiffs hereby reallege and incorporate their allegations of paragraphs 1 through 12 of Count II as their respective allegations of paragraphs 1 through 12 of Count III as though fully set forth herein.

13) After being handcuffed and held in custody the Defendants proceeded to search through out Plaintiffs' business, including their file cabinets, desks and records.

14) The Defendants confiscated the Plaintiffs' car keys, went out to the parking lot and searched throughout each of their automobiles.

15) These searches were in part directed by SGT. KRAUSE.

16) Said searches were unlawful and unreasonable.

17) Said actions of the Defendants were intentional, willful and wanton.

18) Said actions of the Defendants were done because the Plaintiffs were black.

19) Said actions of the Defendants violated Plaintiffs Fourth Amendment Rights of the United States Constitution and were in violation of said rights protected by 42 U.S.C. §1983 and 42 U.S.C. §1981.

20) As a direct and proximate consequent of said conduct of the Defendants, the Plaintiffs, GIDEON RAY and RICHARD RAY, suffered violations of their constitutional rights, emotional anxiety, fear, emotional distress, humiliation, embarrassment, monetary loss, pain and suffering.

WHEREFORE, the Plaintiffs, GIDEON RAY and RICHARD RAY each, pray for judgment against the Defendants, JOHN DOE 3-6 and SGT. KRAUSE, jointly and severally, in the amount of TWENTY-FIVE THOUSAND AND 00/100 ($25,000.00) DOLLARS compensatory damages and TEN THOUSAND AND 00/100 ($10,000.00) DOLLARS punitive damages plus reasonable attorneys fees and costs.

## COUNT IV - POLICE CUSTOM AND PRACTICE

1-15) The Plaintiffs hereby reallege and incorporate their allegations of paragraphs 1 through 15 of Count I as their respective allegations of paragraphs 1 through 15 of Count IV as though fully set forth herein.

16-21) The Plaintiffs hereby reallege and incorporate their allegations of paragraphs 7 through 12 of County II as their respective allegations of paragraphs 16 through 21 of Count IV as though fully set forth herein.

22-27) The Plaintiffs hereby reallege and incorporate their allegations of paragraphs 13 through 18 of Count III as their respective allegations of paragraphs 22 through 27 of Count IV as though fully set forth herein.

28) The Village of Woodridge has a custom, practice and policy to racially profile blacks as "automatic suspects" for crimes.

29) In evidence of this practice, custom and policy are the arrests and detention of the Plaintiffs and unlawful searches and seizures.

30) Said actions of the Defendant, Village of Woodridge, violated the Plaintiffs Fourth Amendment Rights under the United States Constitution protected by 42 U.S.C. §1983 and 42 U.S.C. §1981.

31) As a direct and proximate consequent of said conduct of the Defendant, VILLAGE OF WOODRIDGE, the Plaintiffs, GIDEON RAY and RICHARD RAY, suffered violations of their constitutional rights, emotional anxiety, fear, emotional distress, humiliation, embarrassment, monetary loss, pain and suffering.

WHEREFORE, the Plaintiffs, GIDEON RAY and RICHARD RAY, each pray for judgment against the Defendant, VILLAGE OF WOODRIDGE, for compensatory damages in excess of FIFTY THOUSAND AND 00/100 ($50,000.00) DOLLARS plus attorneys fees and costs.

## COUNT V - TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

1-27) The Plaintiffs hereby reallege and incorporate their allegations of paragraphs 3 through 29 of Count IV as their respective allegations of paragraphs 1 through 27 of Count V as though fully set forth herein.

28) The actions of the VILLAGE OF WOODRIDGE and its employees clearly interfered with the Plaintiffs business relations.

29) The actions of the VILLAGE OF WOODRIDGE and its employees constitute tortious interference with business relations.

30) As a result of the actions of the Defendants, the Plaintiffs were caused embarrassment, diminution of their reputation in the business community and loss of business.

WHEREFORE, the Plaintiffs each pray that this Honorable Court grant judgment in their favor and against the Defendants, jointly and severally, in the amount of FIFTY THOUSAND AND 00/100 ($50,000.00) DOLLARS.

### JURY DEMAND

The Plaintiffs request trial by jury.

Respectfully submitted,

_____
GREGORY E. KULIS AND ASSOCIATES
Attorneys for GIDEON RAY
and RICHARD RAY

GREGORY E. KULIS AND ASSOCIATES
30 North LaSalle Street
Suite 2140
Chicago, Illinois 60602
(312) 580-1830
Attorney No. 70798

# CIVIL COVER SHEET

JS 44
(Rev. 12/96)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

GIDEON RAY and RICHARD RAY

**JUDGE NORGLE**

### DEFENDANTS

VILLAGE OF WOODRIDGE,
JOHN DOE 1-6, Individually,
SGT. KRAUSE, Individually.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Cook
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**MAGISTRATE JUDGE ROSEMOND**

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

GREGORY E. KULIS & ASSOCIATES
30 N. LaSalle Street, Suite 2140
Chicago, Illinois 60602

ATTORNEYS (IF KNOWN)

**00C 2325**

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury — Product Liability | | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☒ 440 Other Civil Rights | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

VIOLATION OF 42 U.S.C. Section 1983

**DOCKETED**
**APR 18 2000**

## VII. REQUESTED IN COMPLAINT

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint
JURY DEMAND: ☒ YES ☐ NO

## VIII. This case

☒ is not a refiling of a previously dismissed action.

☐ is a refiling of case number _____, previously dismissed by Judge _____

DATE 4/14/00

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

**JUDGE NORGLE**

In the Matter of GIDEON RAY and RICHARD RAY,
Plaintiffs

MAGISTRATE JUDGE ROSEMOND

v.

Case Number **00C 2325**

VILLAGE OF WOODRIGE, JOHN DOE 1-6, Individually, SGT. KRAUSE, Individually.

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

GIDEON RAY AND RICHARD RAY

FILED-ED4
00 APR 17 AM 9:
CLERK U.S. DISTRICT COURT

| (A) | (B) |
|---|---|
| SIGNATURE [signed] | SIGNATURE [signed] |
| NAME: Gregory E. Kulis | NAME: Kathleen Coyne Ropka |
| FIRM: Gregory E. Kulis and Associates | FIRM: Gregory E. Kulis and Associates |
| STREET ADDRESS: 30 N. LaSalle Street, Suite 2140 | STREET ADDRESS: 30 N. LaSalle Street, Suite 2140 |
| CITY/STATE/ZIP: Chicago, Illinois 60602 | CITY/STATE/ZIP: Chicago, Illinois 60602 |
| TELEPHONE NUMBER: 312/580-1830 | TELEPHONE NUMBER: 312/580-1830 |
| IDENTIFICATION NUMBER: state of Illinois 6180966 | IDENTIFICATION NUMBER: |
| MEMBER OF TRIAL BAR? YES [X] NO [ ] | MEMBER OF TRIAL BAR? YES [ ] NO [ ] |
| TRIAL ATTORNEY? YES [X] NO [ ] | TRIAL ATTORNEY? YES [ ] NO [ ] |
| | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] |

**DOCKETED APR 18 2000**

| (C) | (D) |
|---|---|
| SIGNATURE [signed] | SIGNATURE |
| NAME: Shehnaz I. Mansuri | NAME: |
| FIRM: Gregory E. Kulis and Associates | FIRM: |
| STREET ADDRESS: 30 N. LaSalle Street, Suite 2140 | STREET ADDRESS: |
| CITY/STATE/ZIP: Chicago, Illinois 60602 | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: 312/580-1830 | TELEPHONE NUMBER: |
| IDENTIFICATION NUMBER: | IDENTIFICATION NUMBER: |
| MEMBER OF TRIAL BAR? YES [ ] NO [ ] | MEMBER OF TRIAL BAR? YES [ ] NO [ ] |
| TRIAL ATTORNEY? YES [ ] NO [ ] | TRIAL ATTORNEY? YES [ ] NO [ ] |
| DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] |

PLEASE COMPLETE IN ACCORDANCE WITH INSTRUCTIONS ON REVERSE.