# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**DOCKETED**

APR 2 4 2001

| | | |
|---|---|---|
| **GIDEON RAY and RICHARD RAY,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No.    00 C 2325 |
| | ) | |
| **VILLAGE OF WOODRIDGE, ET AL.,** | ) | Judge Norgle |
| | ) | |
| Defendants. | ) | |

**NOTICE OF FILING**

**FILED**

APR 17 2001

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

TO:   Jeffrey E. Kehl
      Ryan Harrington
      Yelton & Kehl, Ltd.
      One East Wacker Drive, Suite 3720
      Chicago, IL 60601

   PLEASE TAKE NOTICE that on April 17, 2001, we filed with the Clerk of the District Court for the Northern District of Illinois, Plaintiffs' Third Amended Complaint, a true and correct copy of which is attached hereto and duly served upon you.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalties of perjury as provided by law pursuant to Rule 5 of the Federal Rules of Civil Procedure, that I caused this notice and described document(s) to be served upon the above-named party(ies) by [X] addressing a copy to the above-named and depositing the same in the U.S. Mail at 11 E. Adams Street, Chicago, Illinois, with proper postage prepaid; [ ] hand delivering a copy to via messenger/courier to the address(es) listed above; [ ] transmitting via facsimile to the telephone numbers listed above, on April 17, 2001 at or before 5:00 p.m.

Thaddeus L. Wilson

Thaddeus L. Wilson (IL #6226383)
BROOKINS & WILSON
11 East Adams Street, Suite 902
Chicago, IL 60603
(312) 360-0888

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

FILED

APR 17 2001

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| **GIDEON RAY and RICHARD RAY,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **No.   00 C 2325** |
| | ) | |
| **VILLAGE OF WOODRIDGE, SGT. EDWARD** | ) | |
| **KRAUSE, KEITH GRABAREK, PATRICK** | ) | **Judge Norgle** |
| **NEVISON, JEFFREY JOHNSON, PAUL** | ) | |
| **KUMEIGA, STEVE EDSON, ANTHONY** | ) | |
| **JOHNSON, JEFFREY BUCK, and STEPHEN** | ) | **Magistrate Rosemond** |
| **BROWN,** | ) | |
| | ) | |
| Defendants. | ) | **Jury Trial Demanded** |

DOCKETED

APR 24 2001

### THIRD AMENDED COMPLAINT

NOW COME the Plaintiffs, GIDEON RAY and RICHARD RAY, by and through their

attorneys, the Law Offices of BROOKINS & WILSON, and complaining of the Defendants,

VILLAGE OF WOODRIDGE, SGT. EDWARD KRAUSE, KEITH GRABAREK, PATRICK

NEVISON, JEFFREY JOHNSON, PAUL KUMEIGA, STEVE EDSON, ANTHONY JOHNSON,

JEFFREY BUCK, and STEPHEN BROWN, state as follows:


### PARTIES

1.     Plaintiff GIDEON RAY at all times relevant hereto was a resident and citizen of

Bolingbrook, County of Will, State of Illinois.

2.     Plaintiff RICHARD RAY at all times relevant hereto was a resident and citizen of

Bolingbrook, County of Will, State of Illinois.

3.     Defendant SGT. EDWARD KRAUSE at all times relevant hereto was a duly appointed and acting officer of the Village of Woodridge Police Department, assigned Star #81, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Illinois and/or the Village of Woodridge. This Defendant is being sued in his individual capacity.

4.     Defendant KEITH GRABAREK at all times relevant hereto was a duly appointed and acting officer of the Village of Woodridge Police Department, assigned Star #117, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Illinois and/or the Village of Woodridge. This Defendant is being sued in his individual capacity.

5.     Defendant PATRICK NEVISON at all times relevant hereto was a duly appointed and acting officer of the Village of Woodridge Police Department, assigned Star #105, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Illinois and/or the Village of Woodridge. This Defendant is being sued in his individual capacity.

6.     Defendant JEFFREY JOHNSON at all times relevant hereto was a duly appointed and acting officer of the Village of Woodridge Police Department, assigned Star #118, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Illinois and/or the Village of Woodridge. This Defendant is being sued in his individual capacity.

7.     Defendant PAUL KUMEIGA at all times relevant hereto was a duly appointed and acting officer of the Village of Woodridge Police Department, assigned Star #106, acting under color

of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Illinois and/or the Village of Woodridge. This Defendant is being sued in his individual capacity.

8. Defendant STEVE EDSON at all times relevant hereto was a duly appointed and acting officer of the Village of Woodridge Police Department, assigned Star #126, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Illinois and/or the Village of Woodridge. This Defendant is being sued in his individual capacity.

9. Defendant ANTHONY JOHNSON at all times relevant hereto was a duly appointed and acting officer of the Village of Woodridge Police Department, assigned Star #119, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Illinois and/or the Village of Woodridge. This Defendant is being sued in his individual capacity.

10. Defendant JEFFREY BUCK at all times relevant hereto was a duly appointed and acting officer of the Village of Woodridge Police Department, assigned Star #112, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Illinois and/or the Village of Woodridge. This Defendant is being sued in his individual capacity.

11. Defendant STEPHEN BROWN at all times relevant hereto was a duly appointed and acting officer of the Village of Woodridge Police Department, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Illinois and/or the Village of Woodridge. This Defendant is being sued in his individual capacity.

12.     Defendant VILLAGE OF WOODRIDGE is a municipal corporation in the State of Illinois that employs a law enforcement unit identified as the Woodridge Police Department and is responsible for the employment, training, and supervision of Woodridge police officers, Woodridge police department staff, and the individual Defendants in this action.

## JURISDICTION

13.     This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and under the laws of the State of Illinois.

14.     Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343.

15.     Pursuant to 28 U.S.C. § 1367, the supplemental jurisdiction of this Court is invoked over all other claims that are so related to claims in this action within the Court's original jurisdiction.

16.     Various acts and omissions alleged herein were engaged in and carried out by, between and among the individual defendants while said defendants were employed as members of the Village of Woodridge Police Department, and/or while officials, responsible for the administration, supervision and control of said municipal or local governmental unit.

17.     Various acts and omissions alleged herein were engaged in and carried out by, between and among individual defendants, under color of state law.

18.     Various acts and omissions alleged herein were committed as a result of governmental custom, practice and policy which was so permanent and well settled that it constituted custom, practice or policy which had the force of law.

## VENUE

19.     Pursuant to 28 U.S.C. § 1391(b), venue lies in the Northern District of Illinois, Eastern Division.


## COUNT I - VIOLATION OF CIVIL RIGHTS
### (Village of Woodridge)

20.     On or about April 2, 2000, Plaintiffs owned and operated a business: A Personalized Communications Variety Company a/k/a P.C. Wireless at 8263 Janes Avenue, Woodridge, Illinois.

21.     At all times relevant hereto, Plaintiffs operated said business lawfully and were not violating any federal or state laws nor any local ordinances.

22.     Plaintiffs were working within their place of business and looked out the window and saw Defendants SGT. EDWARD KRAUSE, KEITH GRABAREK, PATRICK NEVISON, JEFFREY JOHNSON, PAUL KUMEIGA, STEVE EDSON, ANTHONY JOHNSON, JEFFREY BUCK, and STEPHEN BROWN surrounding the building and pointing guns at them, without any provocation from Plaintiffs, without reasonable suspicion, and without probable cause.

23.     Plaintiffs opened the door of their business at gun point and Defendants KRAUSE, GRABAREK, NEVISON, JOHNSON, KUMEIGA, EDSON, JOHNSON, BUCK, and BROWN surrounded and entered Plaintiffs' place of business with guns drawn.

24.     Defendants KRAUSE, GRABAREK, NEVISON, JOHNSON, KUMEIGA, EDSON, JOHNSON, and BUCK entered Plaintiffs' place of business without a warrant for Plaintiffs' arrest and without a warrant to search the premises.

25.    Defendants KRAUSE, GRABAREK, NEVISON, JOHNSON, KUMEIGA, EDSON, JOHNSON, and BUCK entered Plaintiffs' place of business without consent and there were no exigent circumstances to warrant their entry.

26.    Plaintiffs informed Defendants KRAUSE, GRABAREK, NEVISON, JOHNSON, KUMEIGA, EDSON, JOHNSON, and BUCK that they were the owners of the business and their business license and identification were available and properly displayed therein.

27.    Plaintiffs had on their business uniforms which consisted of similar slacks and shirts with the business name and logo.

28.    Despite being given that information, said Defendants KRAUSE, GRABAREK, NEVISON, JOHNSON, KUMEIGA, EDSON, JOHNSON, and BUCK handcuffed the Plaintiffs and falsely arrested and unlawfully detained Plaintiffs for approximately two hours against Plaintiffs' will, and without probable cause, and without reasonable suspicion.

29.    At all times relevant hereto, Plaintiffs were lawfully within their place of business and tending to their business affairs and were not committing any crimes nor acting in a suspicious manner.

30.    When Defendants KRAUSE, GRABAREK, NEVISON, JOHNSON, KUMEIGA, EDSON, JOHNSON, BUCK, and BROWN surrounded and entered Plaintiffs' place of business, Plaintiffs were not free to leave and were not allowed to freely move about inside.

31.    Plaintiffs were bounded and imprisoned to a confined area.

32.    Plaintiffs were searched by Defendants.

33.    At all times during the events described above, the Defendants were engaged in a joint venture. The individual police officers assisted each other in performing the various actions

described and lent their physical presence and support and the authority of their office to each other during the events described above.

34.     The actions of the Defendants were deliberate and calculated to cause harm to the Plaintiffs.

35.     As a direct and proximate result of said acts of the Defendants, Plaintiffs suffered the following injuries and damages:

  a. Violation of their constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of their persons and business;

  b. Loss of physical liberty; and,

  c. Humiliation, embarrassment, anxiety, emotional trauma and suffering, diminution in business reputation, and monetary loss.

36.     The actions of the Defendants KRAUSE, GRABAREK, NEVISON, JOHNSON, KUMEIGA, EDSON, JOHNSON, BUCK, and BROWN violated the following clearly established and well settled federal constitutional rights of the Plaintiffs, to wit: Freedom from the unreasonable search and seizure of their persons.

37.     On and prior to April 2, 2000, Defendant VILLAGE OF WOODRIDGE developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the VILLAGE OF WOODRIDGE, which caused the violations of Plaintiff's rights.

38.     It was the policy and/or custom of Defendant VILLAGE OF WOODRIDGE to inadequately supervise and train its police officers and civilian police employees, including the defendant officers, thereby failing to adequately discourage and prevent constitutional violations on

the part of its police officers.

39.    It was the policy and/or custom of Defendant VILLAGE OF WOODRIDGE to have its police officers including the individual Defendants herein were encouraged and/or required to stop, detain, question, search, harass, and arrest citizens lawfully within their businesses based upon uncorroborated anonymous tips.

40.    Plaintiffs were stopped, detained, questioned, searched, harassed, and arrested in their place of business by the Defendant police officers, without probable cause and without reasonable articulable suspicion, pursuant to Defendant VILLAGE OF WOODRIDGE's policies and/or customs.

41.    Defendant VILLAGE OF WOODRIDGE did not require appropriate in-service training or re-training of officers on the current status of U.S. constitutional law.

42.    Defendant VILLAGE OF WOODRIDGE failed to adequately train its 911 operators and dispatch personnel on how to handle anonymous tips so as not to violate the constitutional rights of citizens.

43.    Defendant VILLAGE OF WOODRIDGE knew or should have known that:

   a.    Its police officers and civilian police employees, including the individual defendants herein, were not adequately trained in proper investigative and arrest procedures and techniques;

   b.    Its police officers and civilian police employees, including the individual defendants herein, were not adequately trained on the necessary conduct of citizens or suspects to support a detention, search or arrest of the citizen or suspect based upon uncorroborated anonymous tips;

    c.     Its police officers and civilian police employees, including the individual defendants herein, were not adequately trained to investigate anonymous tips;

    d.     Its police officers and civilian police employees, including the individual defendants herein, were not properly following and adhering to Woodridge Police Department guidelines, procedures, general orders, and protocol regarding the stopping, detaining, searching, and arresting suspects based upon anonymous tips;

    e.     Its police officers and civilian police employees, including the individual defendants herein, needed training and/or re-training regarding the current status of constitutional law and procedure;

    f.     Its police officers and civilian police employees, including the individual defendants herein, needed training and/or re-training regarding the proper procedure for stopping, detaining, searching and arresting suspects premised upon uncorroborated anonymous tips;

    g.     In light of the duties assigned to specific police officers and civilian police employees, including the individual defendants herein, the need for more or different training was obvious and that the existing inadequacy was likely to result in the violation of constitutional rights.

44.    As a result of the above described policies and customs, the Plaintiffs' constitutional rights were violated.

45.    The above-described policies and customs demonstrated a deliberate indifference on the part of policymakers of the VILLAGE OF WOODRIDGE to the constitutional rights of persons

within the VILLAGE OF WOODRIDGE, and were the cause of the violations of Plaintiffs' constitutional rights alleged herein.

46.     Plaintiffs claim damages for the injuries set forth above under 42 U.S.C. § 1983 against Defendant VILLAGE OF WOODRIDGE for violation of their constitutional rights under color of law.

WHEREFORE, the Plaintiffs pray that this Honorable Court:

A.      Award compensatory damages to Plaintiffs against the Defendant VILLAGE OF WOODRIDGE;

B.      Award reasonable attorney's fees and costs to the Plaintiffs;

C.      Award to Plaintiffs such other and further relief as this Court may deem appropriate.

### COUNT II - FALSE ARREST AND FALSE IMPRISONMENT (APRIL 2, 2000) (Krause, Grabarek, Nevison, Johnson, Kumeiga, Edson, Johnson, Buck, Brown)

47.     On or about April 2, 2000, Plaintiffs owned and operated a business: A Personalized Communications Variety Company a/k/a P.C. Wireless at 8263 Janes Avenue, Woodridge, Illinois.

48.     At all times relevant hereto, Plaintiffs operated said business lawfully and were not violating any federal or state laws nor any local ordinances.

49.     Plaintiffs were working within their place of business and looked out the window and saw Defendants SGT. EDWARD KRAUSE, KEITH GRABAREK, PATRICK NEVISON, JEFFREY JOHNSON, PAUL KUMEIGA, STEVE EDSON, ANTHONY JOHNSON, JEFFREY BUCK, and STEPHEN BROWN surrounding their business and pointing guns at them, without any

provocation from Plaintiffs, without reasonable suspicion, and without probable cause.

50.    Plaintiffs opened the door of their business at gun point and Defendants KRAUSE, GRABAREK, NEVISON, JOHNSON, KUMEIGA, EDSON, JOHNSON, and BUCK entered Plaintiffs' place of business with guns drawn.

51.    Defendants KRAUSE, GRABAREK, NEVISON, JOHNSON, KUMEIGA, EDSON, JOHNSON, and BUCK entered Plaintiffs' place of business without a warrant for Plaintiffs' arrest and without a warrant to search the premises.

52.    Defendants KRAUSE, GRABAREK, NEVISON, JOHNSON, KUMEIGA, EDSON, JOHNSON, and BUCK entered Plaintiffs' place of business without consent and there were no exigent circumstances to warrant their entry.

53.    Plaintiffs informed Defendants KRAUSE, GRABAREK, NEVISON, JOHNSON, KUMEIGA, EDSON, JOHNSON, and BUCK that they were the owners of the business and their business license and identification were available and properly displayed therein.

54.    Plaintiffs had on their business uniforms which consisted of similar slacks and shirts with the business name and logo.

55.    Despite being given that information, said Defendants KRAUSE, GRABAREK, NEVISON, JOHNSON, KUMEIGA, EDSON, JOHNSON, and BUCK handcuffed the Plaintiffs and falsely arrested and unlawfully detained Plaintiffs for approximately two hours against Plaintiffs' will, and without probable cause, and without reasonable suspicion.

56.    At all times relevant hereto, Plaintiffs were lawfully within their place of business and tending to their business affairs and were not committing any crimes nor acting in a suspicious manner.

57.     When Defendants KRAUSE, GRABAREK, NEVISON, JOHNSON, KUMEIGA, EDSON, JOHNSON, BUCK, and BROWN surrounded and entered Plaintiffs' place of business, Plaintiffs were not free to leave and were not allowed to freely move about inside.

58.     Plaintiffs were bounded and imprisoned to a confined area.

59.     Plaintiffs were searched by Defendants.

60.     At all times during the events described above, the Defendants were engaged in a joint venture. The individual police officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the events described above.

61.     The actions of the Defendants were deliberate and calculated to cause harm to the Plaintiffs.

62.     As a direct and proximate result of said acts of the Defendants, Plaintiffs suffered the following injuries and damages:

      a.     Violation of their constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of their persons;

      b.     Loss of physical liberty; and,

      c.     Humiliation, embarrassment, anxiety, emotional trauma and suffering, diminution in business reputation, and monetary loss.

63.     The actions of the Defendants KRAUSE, GRABAREK, NEVISON, JOHNSON, KUMEIGA, EDSON, JOHNSON, BUCK, and BROWN violated the following clearly established and well settled federal constitutional rights of the Plaintiffs:

    a.      Freedom from the unreasonable search and seizure of their persons.

64.    Plaintiffs claim damages for the injuries set forth above under 42 U.S.C. § 1983 against Defendants KRAUSE, GRABAREK, NEVISON, JOHNSON, KUMEIGA, EDSON, JOHNSON, BUCK, and BROWN for violation of their constitutional rights under color of law.

WHEREFORE, the Plaintiffs pray that this Honorable Court:

A.    Award compensatory damages to Plaintiffs against the Defendants SGT. EDWARD KRAUSE, KEITH GRABAREK, PATRICK NEVISON, JEFFREY JOHNSON, PAUL KUMEIGA, STEVE EDSON, ANTHONY JOHNSON, JEFFREY BUCK, and STEPHEN BROWN, jointly and severally;

B.    Award punitive damages to Plaintiffs against the Defendants SGT. EDWARD KRAUSE, KEITH GRABAREK, PATRICK NEVISON, JEFFREY JOHNSON, PAUL KUMEIGA, STEVE EDSON, ANTHONY JOHNSON, JEFFREY BUCK, and STEPHEN BROWN, jointly and severally;

C.    Award reasonable attorney's fees and costs to the Plaintiffs;

D    Award to Plaintiffs such other and further relief as this Court may deem proper and just.

## COUNT III - UNLAWFUL SEARCH AND SEIZURE OF PROPERTY
### (Krause, Grabarek, Nevison, Johnson, Kumeiga, Edson, Johnson, Buck, Brown)

65. On or about April 2, 2000, Plaintiffs owned and operated a business: A Personalized Communications Variety Company a/k/a P.C. Wireless at 8263 Janes Avenue, Woodridge, Illinois.

66. At all times relevant hereto, Plaintiffs operated said business lawfully and were not violating any federal or state laws nor any local ordinances.

67. Plaintiffs were working within their place of business and looked out the window and saw Defendants SGT. EDWARD KRAUSE, KEITH GRABAREK, PATRICK NEVISON, JEFFREY JOHNSON, PAUL KUMEIGA, STEVE EDSON, ANTHONY JOHNSON, JEFFREY BUCK, and STEPHEN BROWN pointing guns at them, without any provocation from Plaintiffs, without reasonable suspicion, and without probable cause.

68. Plaintiffs opened the door of their business at gun point and Defendants KRAUSE, GRABAREK, NEVISON, JOHNSON, KUMEIGA, EDSON, JOHNSON, BUCK, and BROWN surrounded with police squad cars and entered Plaintiffs' place of business with guns drawn.

69. Defendants KRAUSE, GRABAREK, NEVISON, JOHNSON, KUMEIGA, EDSON, JOHNSON, BUCK, and BROWN entered Plaintiffs' place of business without a warrant for Plaintiffs' arrest and without a warrant to search the premises or their vehicles.

70. Defendants KRAUSE, GRABAREK, NEVISON, JOHNSON, KUMEIGA, EDSON, JOHNSON, BUCK, and BROWN entered Plaintiffs' place of business without consent and there were no exigent circumstances to warrant their entry.

71. Plaintiffs informed Defendants KRAUSE, GRABAREK, NEVISON, JOHNSON, KUMEIGA, EDSON, JOHNSON, BUCK, and BROWN that they were the owners of the business

and their business license and identification were available and properly displayed therein.

72.     Plaintiffs had on their business uniforms which consisted of similar slacks and shirts with the business name and logo.

73.     Despite being given that information, said Defendants KRAUSE, GRABAREK, NEVISON, JOHNSON, KUMEIGA, EDSON, JOHNSON, BUCK, and BROWN handcuffed the Plaintiffs and falsely arrested and unlawfully detained Plaintiffs for approximately two hours against Plaintiffs' will and without probable cause.

74.     At all times relevant hereto, Plaintiffs were lawfully within their place of business and tending to their business affairs and were not committing any crimes nor acting in a suspicious manner.

75.     When Defendants Defendants KRAUSE, GRABAREK, NEVISON, JOHNSON, KUMEIGA, EDSON, JOHNSON, BUCK, and BROWN surrounded and entered Plaintiffs' place of business, Plaintiffs were not free to leave and were not allowed to freely move about inside.

76.     Plaintiffs were bounded and imprisoned to a confined area.

77.     Defendants searched Plaintiffs' place of business, including their file cabinets, desks, and records, without a warrant, without consent, and without probable cause.

78.     Defendants confiscated Plaintiffs' car keys and searched Plaintiffs' personal automobile, which was lawfully parked outside of their business, without a warrant, without consent, and without probable cause.

79.     The searches described above were unlawful and unreasonable.

80.     At all times during the events described above, the Defendants were engaged in a joint venture.  The individual police officers assisted each other in performing the various actions

described and lent their physical presence and support and the authority of their office to each other during the events described above.

81.    The actions of the Defendants were deliberate and calculated to cause harm to the Plaintiffs.

82.    As a direct and proximate result of said acts of the Defendants, Plaintiffs suffered the following injuries and damages:

        a.    Violation of their constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of their property;

        b.    Loss of use and enjoyment of their property; and,

        c.    Humiliation, embarrassment, anxiety, emotional trauma and suffering, diminution in business reputation, and monetary loss.

83.    The actions of the Defendants KRAUSE, GRABAREK, NEVISON, JOHNSON, KUMEIGA, EDSON, JOHNSON, BUCK, and BROWN violated the following clearly established and well settled federal constitutional rights of the Plaintiffs:

        a.    Freedom from the unreasonable search and seizure of their property.

84.    Plaintiffs claim damages for the injuries set forth above under 42 U.S.C. § 1983 against Defendants KRAUSE, GRABAREK, NEVISON, JOHNSON, KUMEIGA, EDSON, JOHNSON, BUCK, and BROWN for violation of their constitutional rights under color of law.

WHEREFORE, the Plaintiffs pray that this Honorable Court:

A.    Award compensatory damages to Plaintiffs against the Defendants SGT. EDWARD KRAUSE, KEITH GRABAREK, PATRICK NEVISON, JEFFREY JOHNSON,

PAUL KUMEIGA, STEVE EDSON, ANTHONY JOHNSON, JEFFREY BUCK, and STEPHEN BROWN, jointly and severally;

B.    Award punitive damages to Plaintiffs against the Defendants SGT. EDWARD KRAUSE, KEITH GRABAREK, PATRICK NEVISON, JEFFREY JOHNSON, PAUL KUMEIGA, STEVE EDSON, ANTHONY JOHNSON, JEFFREY BUCK, and STEPHEN BROWN, jointly and severally;

C.    Award reasonable attorney's fees and costs to the Plaintiffs;

D    Award to Plaintiffs such other and further relief as this Court may deem proper and just.

## COUNT IV - FALSE ARREST AND FALSE IMPRISONMENT (APRIL 2, 2000)
### (Krause, Grabarek, Nevison, Johnson, Kumeiga, Edson, Johnson, Buck)

85.    On or about April 2, 2000, Plaintiffs owned and operated a business: A Personalized Communications Variety Company a/k/a P.C. Wireless at 8263 Janes Avenue, Woodridge, Illinois.

86.    At all times relevant hereto, Plaintiffs operated said business lawfully and were not violating any federal or state laws nor any local ordinances.

87.    Plaintiffs were working within their place of business and looked out the window and saw Defendants SGT. EDWARD KRAUSE, KEITH GRABAREK, PATRICK NEVISON, JEFFREY JOHNSON, PAUL KUMEIGA, STEVE EDSON, ANTHONY JOHNSON, and JEFFREY BUCK pointing guns at them, without any provocation from Plaintiffs, without reasonable suspicion, and without probable cause.

88.     Plaintiffs opened the door of their business at gun point and Defendants KRAUSE, GRABAREK, NEVISON, JOHNSON, KUMEIGA, EDSON, JOHNSON, and BUCK entered Plaintiffs' place of business with guns drawn.

89.     Defendants KRAUSE, GRABAREK, NEVISON, JOHNSON, KUMEIGA, EDSON, JOHNSON, and BUCK entered Plaintiffs' place of business without a warrant for Plaintiffs' arrest and without a warrant to search the premises or their vehicles.

90.     Defendants KRAUSE, GRABAREK, NEVISON, JOHNSON, KUMEIGA, EDSON, JOHNSON, and BUCK entered Plaintiffs' place of business without consent and there were no exigent circumstances to warrant their entry.

91.     Plaintiffs informed Defendants KRAUSE, GRABAREK, NEVISON, JOHNSON, KUMEIGA, EDSON, JOHNSON, and BUCK that they were the owners of the business and their business license and identification were available and properly displayed therein.

92.     Plaintiffs had on their business uniforms which consisted of similar slacks and shirts with the business name and logo.

93.     Despite being given that information, said Defendants KRAUSE, GRABAREK, NEVISON, JOHNSON, KUMEIGA, EDSON, JOHNSON, and BUCK handcuffed the Plaintiffs and falsely arrested and unlawfully detained Plaintiffs for approximately two hours against Plaintiffs' will, without probable cause, and without reasonable suspicion.

94.     At all times relevant hereto, Plaintiffs were lawfully within their place of business and tending to their business affairs and were not committing any crimes nor acting in a suspicious manner.

95.     When Defendants KRAUSE, GRABAREK, NEVISON, JOHNSON, KUMEIGA,

EDSON, JOHNSON, and BUCK entered Plaintiffs' place of business, Plaintiffs were not free to leave and were not allowed to freely move about inside.

96.     Plaintiffs were bounded and imprisoned to a confined area.

97.     Plaintiffs were searched by Defendants.

98.     At all times during the events described above, the Defendants were engaged in a joint venture. The individual police officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the events described above.

99.     The actions of the Defendants were deliberate and calculated to cause harm to the Plaintiffs.

100.    The actions of Defendants were wilful and wanton and committed with deliberate and/or reckless disregard for the Plaintiffs' safety and reputation.

101.    Defendants falsely arrested and falsely imprisoned the Plaintiffs.

102.    As a direct and proximate result of their false arrest and false imprisonment, Plaintiffs suffered damages, including but not limited to, humiliation, embarrassment, anxiety, emotional trauma and suffering, diminution in business reputation, and monetary loss.

103.    Plaintiffs claim damages for the injuries set forth above under Illinois law against Defendants SGT. EDWARD KRAUSE, KEITH GRABAREK, PATRICK NEVISON, JEFFREY JOHNSON, PAUL KUMEIGA, STEVE EDSON, ANTHONY JOHNSON, and JEFFREY BUCK.

WHEREFORE, the Plaintiffs pray that this Honorable Court:

A.      Award compensatory damages to Plaintiffs against the Defendants SGT. EDWARD KRAUSE, KEITH GRABAREK, PATRICK NEVISON, JEFFREY JOHNSON,

PAUL KUMEIGA, STEVE EDSON, ANTHONY JOHNSON, and JEFFREY BUCK, jointly and severally;

B. Award punitive damages to Plaintiffs against the Defendants SGT. EDWARD KRAUSE, KEITH GRABAREK, PATRICK NEVISON, JEFFREY JOHNSON, PAUL KUMEIGA, STEVE EDSON, ANTHONY JOHNSON, and JEFFREY BUCK, jointly and severally;

C. Award reasonable attorney's fees and costs to the Plaintiffs;

D Award to Plaintiffs such other and further relief as this Court may deem proper and just.

Respectfully submitted,

Thaddeus L. Wilson

Thaddeus L. Wilson (IL #6226383)
Howard B. Brookins, Jr. (IL #6198623)
BROOKINS & WILSON
11 East Adams Street, Suite 902
Chicago, IL 60603
(312) 360-0888

20